UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOLLIS SMITH,

    Plaintiff,

vs.

CITY OF HIGHLAND PARK,
a Michigan Municipal Corporation,
CHIEF OF POLICE KEVIN CONEY,
individually and in his official capacity,
and SGT. RONALD DuPUIS,
individually and in his official capacity,

    Defendants.
_____/

Teresa J. Gorman (P61001)
Teresa J. Gorman, PLLC
Attorney for Plaintiff
363 West Big Beaver Road, Suite 215
Troy, MI 48083
Tel: (248) 457-6005
Fax: (248) 689-3268
terigorman@aol.com
_____/

COMPLAINT AND JURY DEMAND

    Plaintiff, Hollis Smith, by and through his counsel, Teresa J. Gorman PLLC, for his Complaint against the above-named Defendants, states the following:

## JURISDICTION AND PARTIES

1. This is an action for deprivation of Plaintiff's rights under the United States Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 1981, 42 U.S.C. § 1988, the Michigan Elliot-Larsen Civil Rights Act, and Michigan common law, arising out of Plaintiff's employment relationship with Defendant City of Highland Park.

2. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the Plaintiff's constitutional and civil rights.

3. Plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 USC § 1367, over any and all state law claims and against all parties that are so related to claims in this action, within the original jurisdiction of this court, that they form part of the same case or controversy.

4. Venue is proper under 28 U.S.C. §1391(b) and (c), in that all parties are residents and/or administratively located within the Eastern District of Michigan, and the events giving rise to this claim occurred within the boundaries of the Eastern District of Michigan.

## PARTIES

5. At all times relevant to this action, Plaintiff Hollis Smith was a resident of the City of Willis, within the Eastern District of Michigan.

6. Defendant City of Highland Park is a municipal entity existing under the laws of the State of Michigan and is located within the Eastern District of Michigan.

7. Defendant Chief Kevin Coney ("Defendant Coney"), during all relevant times, was the Chief of the Highland Park Police Department. Upon information and belief, Defendant Coney resides within the Eastern District of Michigan. Defendant Coney is being sued in his individual and official capacity.

8. Defendant Sgt. Ronald DuPuis ("Defendant DuPuis"), during all relevant times, was a Sergeant with the Highland Park Police Department. Upon information and belief, Defendant DuPuis resides within the Eastern District of Michigan. Defendant DuPuis is being sued in his individual and official capacity.

9. Defendants' actions are not protected by absolute immunity.

10. Defendants' actions are not protected by qualified immunity.

11. The events giving rise to this cause of action occurred in the City of Highland Park, Wayne County, Michigan, within the Eastern District of Michigan.

12. The amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney fees, and is otherwise within the jurisdiction of this Honorable Court.

## BACKGROUND FACTS

13. Plaintiff incorporates by reference paragraphs 1-12.

14. Plaintiff is an African American man.

15. In or around December 2007, Plaintiff commenced employment with Defendant City as a patrol officer with Defendant City's police department.

16. In or around December 2013, Plaintiff applied for promotion to four (4) open positions as Corporal with Defendant City's police department.

17. Plaintiff was unquestionably qualified for the promotion to Corporal.

18. Defendant Coney and the police department hired three (3) Caucasian candidates and only one (1) African American candidate (who had a personal relationship with Defendant City's mayor).

19. Each of the candidates to fill the Corporal positions had less experience and qualifications than Plaintiff.

20. If Plaintiff had been Caucasian, he would not have been treated in the manner described.

21. In or around February 2014, Plaintiff was promoted to a detective position with Defendant City's police department.

22. As a detective with Defendant City's police department, Plaintiff reported directly to Defendant DuPuis.

23. In May 2014, Plaintiff and another African American detective complained to Defendant Coney that they were being subjected to racially hostile commentary in the workplace, including, but not limited to, being referred to as "boy" by Defendant DuPuis (a Caucasian) and a Caucasian Corporal.

24. Plaintiff's complaints about racial discrimination and racial harassment were neither investigated nor remediated.

25. Shortly thereafter, Plaintiff's African American co-worker resigned from employment with Defendant City's police department due to the racially hostile work environment.

26. In June 2014, a month after complaining to Defendant Coney about the racially hostile work environment created by Defendant DuPuis and others, Defendants, through Defendant DuPuis, removed Plaintiff from his position as a detective with Defendant City's police department for pretextual reasons, reassigned him to a patrol officer position, and cut his hours.

27. Plaintiff and his African American colleague who resigned due to the racially hostile work environment were replaced by less qualified and less experienced Caucasians.

28. In June 2015, Defendants subjected Plaintiff to an unpaid suspension for fabricated and pretextual reasons.

29. A subsequent opening for a Corporal position was also filled by a less qualified and less experienced Caucasian.

30. At present, Plaintiff remains a patrol officer with Defendant City's police department working only a few hours per week.

## COUNT I
### VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. § 1983

31. Plaintiff incorporates by reference paragraphs 1 through 30.

32. Defendants, acting under color of law, promulgate and continue an informal policy extending preferential treatment based on race in promotions and job placement which constitutes a denial of Plaintiff's right to equal protection of the laws guaranteed by the 14th Amendment to the United States Constitution. This informal policy has been described in the preceding paragraphs of this Complaint.

33. As the Chief of Police for the City of Highland Park Chief of Police, and as an agent and officer of the City of Highland Park Police Department, Defendant Coney's actions and conduct in connection with and directly pertaining to Plaintiff's demotion were undertaken under the auspices of and in furtherance of the powers bestowed upon him as the Chief of Police for the City of Highland Park, and said actions thus undertaken amounted to an infringement of Plaintiff's constitutional rights in violation of 42 USC § 1983. As the Chief of Police for the City of Highland Park, and as an agent and officer of the City of Highland Park

Police Department, Defendant Coney's actions and conduct in connection with and directly pertaining to Plaintiff's demotion were undertaken in furtherance of and in the perceived bests interests of the City of Highland Park, and said actions thus undertaken amounted to an infringement of Plaintiff's constitutional rights in violation of 42 USC § 1983.

34. As the Chief of Police of the City of Highland Park Chief of Police, and as an agent and officer of City of Highland Park, Defendant Coney's actions and conduct in connection with and directly pertaining to Plaintiff's demotion were undertaken in furtherance of and represented official policy of Defendant City of Highland Park and are therefore fully attributable to Defendant City of Highland Park, and represented an execution of the policy and judgment of City of Highland Park and said actions thus undertaken amounted to an infringement of Plaintiff's constitutional rights in violation of 42 USC § 1983.

35. As a Sergeant with the City of Highland Park Police Department, and as an agent and officer of the City of Highland Park Police Department, Defendant DuPuis' actions and conduct in connection with and directly pertaining to Plaintiff's demotion were undertaken under the auspices of and in furtherance of the powers bestowed upon him as a Sergeant with the City of Highland Park Police Department, and said actions thus undertaken amounted to an infringement of Plaintiff's constitutional rights in violation of 42 USC § 1983. As a Sergeant with

the City of Highland Park Police Department, and as an agent and officer of the City of Highland Park Police Department, Defendant DuPuis' actions and conduct in connection with and directly pertaining to Plaintiff's demotion were undertaken in furtherance of and in the perceived bests interests of the City of Highland Park, and said actions thus undertaken amounted to an infringement of Plaintiff's constitutional rights in violation of 42 USC § 1983.

36. As a Sergeant with the City of Highland Park Police Department, and as an agent and officer of City of Highland Park Police Department, Defendant DuPuis' actions and conduct in connection with and directly pertaining to Plaintiff's demotion were undertaken in furtherance of and represented official policy of Defendant City of Highland Park and are therefore fully attributable to Defendant City of Highland Park, and represented an execution of the policy and judgment of City of Highland Park and said actions thus undertaken amounted to an infringement of Plaintiff's constitutional rights in violation of 42 USC § 1983

37. Plaintiff has been discriminated against on the basis of his race in violation of his equal protection rights in that:

    a. he is African American;

    b. he applied for and is well-qualified for promotion to Corporal;

  c. Defendants rejected Plaintiff's applications for promotion and instead filled the positions with non-African Americans; these decisions were based on the race of the applicants;

  d. Plaintiff was well-qualified for the position of Detective;

  e. Defendants demoted Plaintiff from his Detective position after he complained about a racially hostile work environment and replaced him with a non-African American; this retaliatory decision was also based on race.

 38. Acting under color of law, Defendants promulgated and carried out the official policies, orders and directives described above intentionally and deliberately, with wanton and reckless disregard for the civil and constitutional rights, privileges and sensibilities of the Plaintiff, including the fundamental right to equal protection and other applicable provisions of the United States Constitution.

 39. By promulgating and carrying out the policies, orders and directives described above, Defendants unlawfully violated Plaintiff's constitutional rights.

 40. Defendants' practice of using race to make promotion and demotion decisions is a continuing violation.

 41. Defendants' informal policy must be struck down and Plaintiff awarded damages and equitable relief because:

a. there is no compelling state interests justifying the racial preferences;

b. Defendants' policy unnecessarily tramples on the rights of African Americans;

c. Defendants' policy is not narrowly tailored to remedy a specific past racial discrimination.

42. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment.

## COUNT II
## RETALATION IN VIOLATION OF 42 U.S.C. § 1983

43. Plaintiff incorporates by reference paragraphs 1 through 42.

44. Plaintiff engaged in protected activity under 42 U.S.C. § 1983 by complaining to Defendants about race discrimination, racial harassment and violations of his equal protection rights.

45. Defendants knew Plaintiff engaged in such protected activity.

46. Defendant denied Plaintiff promotions to the Corporal position and demoted him from his Detective position because he complained about race discrimination, racial harassment and violations of his equal protection rights.

47. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment.

## COUNT III
## VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. § 1981, AS AMENDED

48. Plaintiff incorporates by reference paragraphs 1 through 47.

49. Defendants, acting under color of law, promulgate and continue a policy of discriminating in employment against African Americans, including Plaintiff, on account of race.

50. Defendants' policy constitutes a continuing violation of 42 U.S.C. § 1981, as amended.

51. Defendants' actions denying Plaintiff the same rights as those enjoyed by non-African Americans were willful, malicious and/or done with reckless indifference.

52. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment.

## COUNT IV
## RETLATION IN VIOLATION OF 42 U.S.C. § 1981

53. Plaintiff incorporates by reference paragraphs 1 through 52.

54. Plaintiff engaged in protected activity under 42 U.S.C. § 1981, as amended, by complaining to Defendants about race discrimination and racial harassment.

55. Defendants knew Plaintiff engaged in such protected activity.

56. Defendant denied Plaintiff promotions to the Corporal position and demoted him from his Detective position because he complained about race discrimination and racial harassment.

57. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment.

## COUNT V
## RACE DISCRIMINATION
## IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT

58. Plaintiff incorporates by reference paragraphs 1 through 57.

59. Plaintiff was subjected to race discrimination by Defendants, said acts being made unlawful by the Elliott-Larsen Civil Rights Act, MCL 37.2101, et seq.

60. Defendants violated the aforementioned Elliott-Larsen Civil Rights Act by the following acts:

      a.    failing to provide a work environment free from race discrimination.

      b.    limiting, segregating, or classifying Plaintiff in a way which deprived or tended to deprive Plaintiff of an employment opportunity or otherwise adversely affecting the status of Plaintiff because of his race; and

      c.    failing to promote, demoting, or otherwise discriminating against Plaintiff with respect to his employment, compensation, or a term, condition or privilege of employment, because of race.

61. Plaintiff was denied promotion to Corporal with Defendant City's police department in whole or in part because of his race.

62. Plaintiff was demoted from his position as Detective with Defendant City's police department in whole or in part because of his race.

63. Defendants were predisposed to discriminate on the basis of race and acted in accordance with that predisposition.

64. Defendants' actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

65. If Plaintiff had been Caucasian, he would not have been treated in the manner described.

66. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe

benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment.

## COUNT VI
## HOSTILE ENVIRONMENT RACIAL HARASSMENT
## IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT

67. Plaintiff incorporates by reference paragraphs 1 through 66.

68. During the course of his employment with Defendants, Plaintiff was subjected to unwelcome racial commentary and racial conduct by his supervisors.

69. The unwelcome racial commentary and racial conduct by his supervisors had the purpose and/or effect of substantially interfering with Plaintiff's employment and/or creating an intimidating, hostile, and offensive employment environment.

70. Defendants had both actual and constructive notice that Defendants' agents and employees created a hostile and offensive work environment for Plaintiff.

71. Despite having notice of the unwelcome racial commentary and racial conduct, Defendants failed to remediate.

72. Defendants' conduct violated the Elliott-Larsen Civil Rights Act.

73. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment.

## COUNT VII
## RETALIATION / RETLIATORY HARASSMENT
## IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT

74. Plaintiff incorporates by reference paragraphs 1 through 73.

75. After his complaints about the racial commentary, racial conduct and retaliation, Plaintiff was subjected to retaliation and retaliatory harassment by Defendants because he complained of unlawful acts of discrimination in violation of the Elliott-Larsen Civil Rights Act.

76. This retaliation and retaliatory harassment would not have occurred had Plaintiff not engaged in protected activity pursuant to the Elliott-Larsen Civil Rights Act.

77. Defendants' conduct violated the Elliott-Larsen Civil Rights Act.

78. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment.

## COUNT VIII
## INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONSHIPS
## AGAINST DEFENDANTS CONEY AND DuPUIS

79. Plaintiff incorporates by reference paragraphs 1 through 78.

80. As a detective with Defendant City's police department, Plaintiff enjoyed an advantageous business relationship and expectancy with Defendant City of Highland Park.

81. The business relationship and expectancies between Plaintiff and Defendant City of Highland Park had a reasonable likelihood of future economic benefit to Plaintiff.

82. By their conduct described above, Defendants Coney and DuPuis intentionally, wrongfully and improperly interfered with the advantageous business relationship and expectancy between Plaintiff and Defendant City of Highland Park.

83. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment.

## COUNT IX
## CONSPIRACY AND CONCERTED ACTION
## AGAINST DEFENDANTS CONEY AND DuPUIS

84. Plaintiff incorporates by reference paragraphs 1 through 83.

85. Defendants illegally, maliciously, and wrongfully conspired with one another with the intent to and for the illegal purpose of discriminating against Plaintiff, interfering with Plaintiff's employment relationship with Defendant City of Highland Park, and inflicting emotional distress on Plaintiff.

86. Defendants, in combination, conspired to discriminate against Plaintiff, interfere with Plaintiff's employment relationship with Defendant City of Highland Park, and inflict emotional distress on Plaintiff.

87. This conspiracy resulted in illegal, unlawful and tortious activity.

88. At all relevant times, several or all Defendants engaged in concerted activities described above by express or implied agreement.

89. Plaintiff may not be able to identify all of the activities of Defendants due to the generic similarity of such activities as produced and promoted by these Defendants.

90. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment.

## COUNT X
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

91. Plaintiff incorporates by reference paragraphs 1 through 90.

92. Defendants' conduct as outlined above was intentional.

93. Defendants' conduct as outlined above was extreme, outrageous, and of such character as not to be tolerated by a civilized society.

94. Defendants' conduct resulted in severe and serious emotional distress.

95. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment.

## RELIEF REQUESTED

For all the foregoing reasons, Plaintiff Hollis Smith demands judgment against Defendants as follows:

a. Declare that the aforementioned practices and actions of Defendants are unlawful and unconstitutional;

b. Enjoin Defendants from further acts of discrimination or retaliation;

c. Award Plaintiff all lost wages and fringe benefits, past and future, to which he is entitled;

d. Award Plaintiff compensatory damages;

e. Award Plaintiff punitive and exemplary damages;

f. Award Plaintiff reasonable attorney's fees, costs, and interest as provided by 42 U.S.C. § 1988; and

g. Award such other relief as this Court deems just and proper.

Respectfully submitted,

s/Teresa J. Gorman
Teresa J. Gorman (P61001)
Attorney for Plaintiff
363 West Big Beaver Road, Suite 215
Troy, MI 48083
Tel: (248) 457-6005
Fax: (248) 689-3268
terigorman@aol.com

## JURY DEMAND

Plaintiff demands a jury trial.

s/Teresa J. Gorman
Teresa J. Gorman (P61001)
Teresa J. Gorman PLLC
Attorney for Plaintiff
363 West Big Beaver Road, Suite 215
Troy, MI 48083
Tel: (248) 457-6005
DFax: (248) 689-3268
terigorman@aol.com